CHASE MORELLO
Attorney and Petitioner/Plaintiff
6168 N. Bataan, Clovis, CA 93619
Telephone: 559-355-8158
Email: Crmorello25@gmail.com

FILED

2016 JUN 20 PM 2:35

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHASE MORELLO, for himself and on behalf of a class of similarly-situated individuals,

Plaintiff,

vs.

MARY JOE WHITE, Securities and Exchange Commissioner Chair, and The United States Securities and Exchange Commission.

Defendants.

CASE NO. CV16-04440DMG(AJW)

**COMPLAINT – CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

PAID

JUN 20 2016

Clerk, U.S. District Court

## PARTIES

Petitioner/Plaintiff, Chase Morello ("Plaintiff") requests declaratory and injunctive relief and prays for such other relief as the Court deems just and proper directed to Respondent/Defendant, the United States Federal Government, acting as Principal, and the Securities and Exchange Commission ("Defendant"), acting as agent. Plaintiff asks the Court, to declare, blue-pencil, set aside, rescind, and/or void all constitutional and international violations related to Defendant's Rule 501(a) Accredited Investor Definition ("Definition"). Plaintiff, by this petition, alleges:

## PARTIES, JURISDICTION AND VENUE

1. This action arises pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 12101; Article 1 of the United States Constitution; the First and Fifth Amendment to the United States Constitution; and Article 1 of the International Covenant on Civil and Political Rights.

2. This court has federal question jurisdiction over Plaintiff's civil claims arising under the United States Constitution and federal law pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 in the Central District of California because the claims arose therein and each and all of the acts alleged herein were done by the Defendants under the color and pretense of federal law, statutes, ordinances, regulations, or customs.

4. Plaintiff is, and at all relevant times herein, a Non-Accredited Investor under Defendant's Definition, is domiciled in the Central District of California, and has standing as a party directly and economically injured by the Defendant's actions.

5. The Non-Accredited Class of persons satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) for Plaintiff to file on behalf of themselves and all other persons similarly situated. The proposed class is defined as all past, current, and future Non-Accredited Investors comprising more than 89.9% of Americans as admitted in Table 4.2 of Defendant's December 2015 Accredited Definition Report (the "Definition Report").[1]

---

[1] 1983 Threshold: 1.7% of Americans. 2013 Threshold: 10.1% of Americans

1

6. This action is so numerous that joinder of all members is impracticable. The proposed class of Non-Accredited is subject to a common classification *solely* on the basis of their indignant status. The claims of Plaintiff are all typical of the claims of the Non-Accredited Class seeking to challenge the facial constitutionality of this overbroad administrative regulation. Plaintiff also seeks the same relief as the other members of the class. Plaintiff, like all Non-Accredited Investors of the Class, contends that Defendant has not acted on generally applicable grounds and has failed its fiduciary duties to the people and the United States commonwealth. The Definition does not *equally* apply procedurally and substantively fair regulatory mechanisms required by the U.S. Constitution and International Treaties. The injunctive and declaratory relief is appropriate with respect to the class as a whole.

7. Plaintiff is qualified and experienced to represent the proposed Class. Plaintiff has experience litigating other complex cases involving the federal courts, including briefs on behalf of asylum seekers and as an impartial advisor for equal protection compliance by California state officials.

8. The Defendant is, and at all relevant times herein, an independent federal agency established to protect *all* investors who buy stocks and bonds. The Defendant has *delegated administrative* powers to prevent or punish fraud in the sale of securities and is authorized to regulate stock exchanges. The Securities Acts *implicitly* delegate Article I Power to the Defendant's expertise, *inter alia*, to produce *market efficiencies*. At all times relevant to this Complaint, Defendant acts under the *pretense* and color of federal law.

9. This Court has jurisdiction over this dispute because this dispute arises under the Declaratory Judgment Act which provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."[2] This complaint is a request for the aid of the third branch of federal government pursuant to the undeniable, fundamental Maxims of Constitutional law that jurisdiction may be raised at any time in any forum.

10. This is a substantial constitutional controversy between adverse parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

---

[2] 28 U.S.C. § 2201(a). This statute does not create new substantive rights, but merely expands the remedies available in federal courts. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).

11.    Injunctive and declaratory relief is necessary and proper relief and Plaintiff prays the court award preliminary and permanent injunctive relief, damages under F.R.C.P. 65(a), and the award of attorneys fees pursuant to Title 42 U.S.C. § 1988.

## INTRODUCTION

12.    Plaintiff challenges the Definition as a discriminatory regulatory objectification based on antiquated social mores. The definition is not generally applicable, and in promulgating the Definition, Defendant does not *neutrally* apply the law of the land—it does so in a prejudicial and feudal manner.

13.    Plaintiff is an unincorporated, *natural* person who does not meet the wealth threshold for becoming an "Accredited Investor" under Defendant's Definition. Plaintiff is, however, considered a "sophisticated" party under ambiguous Supreme Court precedent.[3]

14.    Pursuant to the Definition, Defendant criminalizes the act of proposing a legal transaction ("Commercial Speech") in a "*separate but equal*" way. Defendant's Definition gives a special benefit ("Low Transaction Costs") to high net-worth individuals while creating second order effects that burden Non-Accredited individuals. On the one hand, this Definition is enforced on the Non-Accredited's behalf[4], while on the other hand, Accredited individuals are not *equally* burdened, but incentivized and encouraged to engage in exactly the same economic activity. The distinction implicitly praises one section of society while creating a legal and social inferiority to the other.

15.    Defendant relies on multiple fallacies to justify this argument.[5] This defies logic. Moreover, Defendant's Report states that the Definition is over-inclusive, under-inclusive, and not narrowly tailored—this is characteristic of unconstitutional legislation. Further, the investor

---

[3] *SEC v. Ralston Purina.*
[4] ("Heckler's Veto").
[5] *I.e.* Burden of Proof Fallacy, Appeal to Authority, Appeal to Tradition, Genetic Fallacy, Part/Whole Fallacy, etc.

protection justification is "tenuous at best."[6] Plaintiffs request the court declare such categorical preference unconstitutional.

## NATURE OF ADMINISTRATIVE ACTIONS

16.    Congress first enacted the Securities Acts of 1933 and 1934 (the "Acts") as a response to the Great Depression and the market crash of Black Tuesday. Due to the *market inefficiencies* of the Acts, *Congress* subsequently reformed federal securities laws to focus less on protection and more on efficiency.[7] To facilitate access to the capital markets, the Small Business Investment Incentive Act of 1980 ("Incentive Act") was enacted.[8] The Incentive Act *explicitly* exempted from Securities Act registration non-public offers and sales of up to $5 million made solely to *incorporated* accredited investors ("Incorporated Wealth Threshold") and added an accredited investor definition to Section 2(a)(15) of the Securities Act ("Accredited Exemption"). The Accredited Exemption clause *implicitly* delegated further rule making power to the SEC to adopt additional categories in its independent discretion. The SEC then used this authority to expand Safe Harbor protections to *natural* individuals meeting a certain income or retained wealth threshold ("Natural Wealth Threshold").[9] Further utilizing the delegated congressional authority, the SEC promulgated Regulation D in 1982, establishing a non-exclusive safe harbor ("Rule 506") from the registration requirements of the Act.[10]

17.    The Natural Wealth Threshold of the Accredited Investor Definition is the cornerstone undergirding Rule 506.[11] Despite the explicit text of the Act as being "silent on the issue of investor sophistication/qualifications," the SEC considers it within the scope of the public trust to craft a Natural Wealth Threshold applicable to natural, rather than incorporated,

---

[6] The Advisory Committee Letter to the SEC in March 2015, "[There is not] any substantial evidence suggesting that the current definition of accredited investor has contributed to the ability of fraudsters to commit fraud or has resulted in greater exposure for potential victims." In addition, "the connection between fraud and the current accredited investor thresholds seems tenuous at best."

[7] Note that Congress *never* considered wealth thresholds related to *natural* persons – only *incorporated* persons.

[8] Pub. L. No. 96-477, 94 Stat. 2275 (1980).

[9] 15 USC 77b(a)(15)(ii).

[10] *See* Rule 506(b) and Rule 506(c).

[11] *See* the SEC's "Report on the Definition of Accredited Investor" at Footnote 61. The amount of capital moving through this regulation is equivalent to that of the public markets ($1.3 Trillion in 2014).

individuals, effectively and disparately excluding 90% of the U.S. population from the early growth market.[12] This is irrational categorical exclusion is neither fair, nor efficient.

## NON-ACCREDITED INVESTING

18.    Economic rights are necessarily preservative of other basic civil and political rights—the ability to be *responsibly* self-sufficient. Non-Accredited Investors are relegated to the end of the investment waterfall, without their consent, *solely* based on their annual income or accumulated wealth. The Non-Accredited they get cut in line.[13]

19.    Plaintiff challenges Defendant's Definition on the basis that the Class of Non-Accredited Investors are subjected to civil and criminal penalties that do not equally apply. The Definition places an unequal and undue burden on Non-Accredited Investors who seek to participate in an *inherently* risky market. This participation is voluntary and does not harm anyone but the voluntary participants.

20.    For their "protection," Non-Accredited Investors are denied the *opportunity and decision* to access this market segment—*without* regard to merit. Further, Non-Accredited are denied the benefit of investing in a high risk / high return market possibly exacerbating wealth and income inequality.[14] Investment in all stages of the capital markets is an absolute necessity for individuals saving for retirement. This lack of *de gustibis non est disputadem* creates: (i) a profit waterfall for intermediaries, (ii) artificial suppression of free market ideas, and (iii) viewpoint favoritism.

## INJURY SUSTAINED:

---

[12] Lawrence C. Melton, Giants and Pygmies: The Fallacies of the Sophisticated Investor Doctrine, PIABA B.J., Winter 2006 (Melton argues that a lack of distinctions for the protections afforded to investors large and small "is in keeping with the fundamental precept of American jurisprudence," which endeavors to treat all individuals identically, whether they are "giants" or "pygmies." *Id.* Melton's title references Justice Douglas's observation that "[t]he 1943 Act does not speak in terms of 'sophisticated' as opposed to unsophisticated people dealing in securities. The rules when the giants play are the same as when the pygmies enter the market." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506,5256 (1974)).

[13] Behavioral Economists call this the Endowment Effect.

[14] SEC Commissioner Michael S. Piwowar.

21.    **As a Class Member "Non-Accredited" Investor.** Plaintiff is facially classified as a Non-Accredited Investor. Plaintiff is categorically excluded from exercising his independent judgment to invest in the *inherently risky* early stage venture capital market.

22.    **As an Issuer.** Plaintiff is concomitantly prevented from offering an issuance of securities to fund this action. Plaintiff, in attempting to engage in the same practice Accredited Investor Peter Thiel utilized to finance Hulk Hogan's Litigation, would be in violation of securities laws *solely* because he publically offered securities to Non-Accredited Investors. Litigation Funding involves the right to purchase an interest ("Investment") in the outcome of a case ("Asset") through a corporation as a special purpose vehicle ("SPV") on behalf of a number of parties ("Series Investment"). Using this action as an Asset, held by an SPV, and then Series Investing in the SPV to receive a piece of the outcome - is *meant to illustrate the hypocrisy of Defendant's Rule of Law*. The only economically feasible/available exemption, 506(b) or (c), would effectively and artificially segment Plaintiff's market of legal securities purchasers to Accredited Investors. These are the same individuals who would see no benefit in relaxation of the status quo.[15] Plaintiff is thus substantially burdened and arbitrarily prevented from extending this novel form of ownership to individuals who have an interest in the outcome of the action—financially ("Self-Interest"), ethically, and morally ("Moral Sentiments"). No one will hear this commercial speech—and the government will mediate the enforcement (*Shelly v. Kramer*).

23.    **As a Hearer of Commercial Speech.** This Heckler's Veto prevents *potential offers*. The marketplace of listeners, Non-Accredited Investors, are denied the opportunity to freely choose and create early growth companies. This deprives our political economy and free market of a truth verification and consumer spotlight mechanism.

24.    **As a Fiduciary.** Pursuant to *Griswold v. Connecticut*, those in a fiduciary capacity to those whose rights have been violated have standing.

## THE RELIEF SOUGHT:

---

[15] This provides an example of how segmenting the market can discriminate against certain start up ideas. Only allowing a limited segment of the population to make investment choices *necessarily* has second order effects.

25.    This is a civil action whereby Plaintiff prays for a temporary restraining order, injunctive relief, declaratory judgment, damages, attorney's fees, and or any other relief the court may deem, enjoining Defendants, their agents, servants, employees and those acting in concert with actual and apparent notice thereof from enforcing Defendant's Accredited Investor Definition.

26.    The objective of this action at law and in equity is to obtain a scrutinized and reasoned determination of Plaintiff's liberty interests.

27.    Plaintiff is entitled to the requested relief because Defendant has violated, and continues to violate, Plaintiff's below-referenced constitutional rights, as well as the fiduciary duties promised under International treaties.

**Injunctive Relief Requirements Met:**

28.    Plaintiff is highly likely to succeed on the merits of the case, rather than be defeated by technicalities or procedural hurdles. Plaintiff argues this is because Defendants' Definition violates basic Free Speech, Equal Protection, and Due Process Maxims where there are simpler, more reasonable, and less restrictive alternatives available.

29.    Plaintiff and Class Members will suffer, and have suffered, irreparable Constitutional harm if an injunction is not issued.

30.    An injunction will not harm Defendants or any distinct investment backed interest associated with such non-enforcement. An injunction on Defendants will also serve the Public Interest.

31.    The Court has discretion, or at the very least, an indirect Article III duty to advise Defendant on such a ripe issue. Even if the Court does not issue an injunction, a declaratory decision clarifying unclear Supreme Court precedent under *Ralston v. Purina* will serve to guide further agency decisions and regulations related to Non-Accredited persons. Such a declaration is beneficial to the democratic process *in itself*, regardless of the outcome of this action. Current

legislation, HR 2187, contemplates similar criteria and a definitive judicial ruling could lead to a point of order in the Senate to declare such legislation unconstitutional.

32. Dodd Frank has mandated Defendant review the Accredited Investor Definition and Defendant did so in its Report ("Dodd Frank Mandate"). This Dodd Frank Mandate supports the argument that the Court should honestly scrutinize the rationality of regulatory regimes instead of blindly deferring to agency judgments. Plaintiff asks the Court to not only *look at* ("Judicial Deference") the Definition, but *look through* the Definition ("Judicial Scrutiny") to determine what its meaning implies and ask whether that implication conflicts with American Constitutional Maxims. Judicial Scrutiny applies to common sense questions, whereas Judicial Deference applies only to agency expertise the Courts cannot hope to understand. This is assuredly a common sense question appropriate for Judicial Scrutiny. The Definition's logic explicitly reflects archaic stereotypes and Plaintiff notes how concerning this is considering that administrative action is as counter majoritarian as judicial action.

## FIRST CAUSE OF ACTION: IMPROPER EXERCISE OF ARTICLE 1 SECTION 8[16]

33. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 33 above, as though set forth at length.

34. Defendant's Definition violates congressionally delegated Article 1 enumerated powers. Defendant's overreach undermines their claim to the exercise of *legitimate* administrative authority.[17] Neither the Taxing, Commerce, nor Necessary and Proper clauses permit the *federal* government to make a caste system.[18] The Definition subjects a class of individuals to an arbitrary time, place, and manner restriction and unreasonable prior restraint. Limitations on *delegated* Article I Power should especially occur when based on *implicit,* rather than *explicit*, legislative purpose. Article 1 Power, represented by the Definition, is at it "lowest

_____

[16] *See* HR 2187 passed February 1, 2016. ("Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises to pay the Debts and provide for the common Defence **and general Welfare** of the United States; but all Duties, Imposts and **Excises shall be uniform throughout the United States**.")

[17] *INS v. Chada.*

[18] *Plessey v. Ferguson.*

ebb" contrary to American culture and tradition ("Spirit of the Law") and the explicit Constitutional proscriptions ("Form of the Law"). This is especially relevant and with respect to dutifully adhering to international treaty obligations.

a. **VIOLATION OF ARTICLE 1 OF THE INTERNATIONAL COVENANT OF CIVIL AND POLITICAL RIGHTS: PART I, ARTICLE 1: Part I, Article 1:** (1) "All peoples have the right of self-determination. By virtue of that right they freely determine their political status and freely pursue their economic, social and cultural development. (2) All peoples may, for their own ends, freely dispose of their natural wealth and resources without prejudice to any obligations arising out of international economic co-operation, based upon the principle of mutual benefit, and international law. In no case may a people be deprived of its own means of subsistence."

b. **VIOLATION OF THE "UNIFORMITY CLAUSE":** The Definition is *allegedly* a use of the Taxing power under Article 1, Section 8. "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, **Imposts and Excises shall be uniform throughout the United States**." The Definition, an Impost, is not Uniform.

c. **VIOLATION OF THE "EMOULMENT CLAUSE":** No Titles of Nobility *shall* be granted as *uniquely* proscribed.

d. **VIOLATION OF THE "PRIVILEDGES AND IMMUNITIES CLAUSE":** Federal privileges and immunities must be distributed, as through a Veil of Ignorance - equitably. *E Pluribus Unum.*

**SECOND CAUSE OF ACTION: VIOLATION OF FIRST AMENDMENT LIBERTIES**

35. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 34 above, as though set forth at length.

36. The Definition violates the the First Amendment. Plaintiffs' expressive conduct is limited for arbitrary reasons. The Definition favors a specific viewpoint and *is not narrowly tailored* to serve a *compelling government* interest. The Definition does not further a *substantial* government interest. The Definition does not further a *legitimate* government interest that rationally relates the means to the ends. Wealth classifications do not "fit" in American law. The Definition's restriction on expressive conduct is greater than necessary and even if it is – it is surely not proper.

  a. **FREEDOM EXERCISE:** The Definition violates the Golden Rule and prevents the exercise of conscience.

  b. **FREEDOM ASSOCIATION:** The Definition unduly violates and substantially burdens our liberty (or civic privilege / immunity) to decide whom to associate with in the Political Economy.

  c. **FREEDOM OF SPEECH:** The Definition violates political and commercial speech liberties and rights.

**THIRD CAUSE OF ACTION:  VIOLATION OF FIFTH AMENDMENTS GUARANTEE OF SUBSTANTIVE DUE PROCESS AND THE RIGHT TO EQUAL PROTECTION OF THE LAW**

37. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 36 above, as though set forth at length.

38. The Fifth Amendment to the U.S. Constitution provides for Due Process and Equal Protection of the Law that, "[N]o person shall be . . . deprived of life, liberty, or property, without due process of law."

39. Substantive Due Process of law requires that Defendant craft civil exclusions that are *reasonably* and *legitimately* related to preventing *imminent* and serious danger to the

community—not *Eminence*.[19] These safety justifications must be accompanied by *adequate procedures* to ensure that administrative fiduciary obligations are being met.

40.    The Definition disparages the dignity and humanity of the poor.[20] Plaintiff does not challenge the rationality of any specific threshold as much as the rationality of *any* wealth / income threshold itself considering the rights and liberties involved. The Definition implicitly imparts state sanctioned beneficence to wealth. Such moral approbation is repugnant to American values.

41.    The Definition not only psychologically affects Non-Accredited Investors, but also physically burdens them with intrinsic public market transaction costs necessitated by the Definition. There is no persuasive justification for relying on wealth as the *sole* distinction bequeathing a civic honor. Civil penalties and threats of enforcement criminalize identical conduct and implicitly value one citizen over another based on historically disproven fallacies.

   a.  **FUNDAMENTAL ECONOMIC LIBERTIES AND RIGHTS:** The Definition arbitrarily inhibits the right to compete in a free marketplace of ideas.

   b.  **SUSPECT CLASSIFICATION:** The Definition designates a discrete, insular, and indignant class with a handicap. The reasoning is not based on merit, but rather, the ideas of Herbert Spencer.

   c.  **DISPARATE IMPACT:** The Definition's effect is that there is a geographic, racial, and gender disparate impact on marketplace participants. Accredited Investors are comprised of: 89% males (11% females) - 76% white males specifically; 90% are geographically located on the east/west coasts, 10% identify as Asian, 1% as African American, and less than 1% as Latino.

---

[19] **Note:** The Federal Government cannot claim the equivalent of the States "Police Power."
[20] **Note:** Poor insofar as a person makes less than a $1,000,000 net worth or annual income of $200,000 / $300,000.

11

**FOURTH CAUSE OF ACTION: VIOLATION OF FIFTH AMENDMENT TAKINGS**

42. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 41 above, as though set forth at length. Plaintiff *alternatively* argues that if the Court finds the Definition *constitutional* then it consider the Definition a regulatory taking requiring compensation.

43. **REGULATORY TAKING:** The Definition categorically "takes [economic decisions] from Non-Accredited [A] and gives it to the Accredited [B]."

**FIFTH CAUSE OF ACTION: VIOLATION OF THE ADMINSTRATIVE PROCEDURES ACT**

44. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 43 above, as though set forth at length. Plaintiff *alternatively* argues that if the Court finds the Definition *constitutional* then it consider the Definition as arbitrary, capricious, an abuse of discretion or contrary to law.

45. **ABUSE OF DISCRETION *or* CONTRARY TO LAW:** Additionally, and in the alternative to the previous Counts, the Plaintiff is asserting claims under the Federal Administrative Procedure Act (APA), 5 U.S.C. § 500 *et seq.,* which requires that Defendant refrain from engaging in "arbitrary and capricious" conduct that bears no rational connection to the facts and circumstances of a particular case or that is "contrary to [Constitutional] law."

**DECLARATORY RELIEF**

46. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 45 above, as though set forth at length.

47. An actual controversy has arisen and now exists and in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

48.    WHEREFORE, Plaintiff prays for judgment as follows:

a. **Class Certification:** Certify this case as a class action lawsuit, as proposed herein, appoint Plaintiff as representative of the class and the undersigned class counsel;

a. **Issue a Declaratory Judgment:**    Declare that Defendant's Accredited Investor Definition violates legislative or administrative powers, the constitution, and/or international law and issue a preliminary or permanent injunction invalidating the Accredited Investor Definition's *natural income/wealth threshold*:

   i. On the First Cause of Action by violating Article 1 of the Constitution.

   ii. On the Second Cause of Action by violating Plaintiff's First Amendment liberties.

   iii. On the Third Cause of Action by violating the Plaintiff's fundamental liberties and civic rights under the double helix of Due Process and Equal Protection Clause of the Fifth Amendment.

   iv. On the Fourth Cause of Action by taking Plaintiff's rights under the Takings Clause of the Fifth Amendment and giving them to Accredited Investors.

   v. On the Fifth Cause of Action by violating Plaintiff's rights under the Administrative Procedure Act as arbitrary, capricious, an abuse of discretion or contrary to law.

vi. On such other and further reasons as the Court deems just and proper considering, *inter alia*, whether alternative conditions, alone or in combination with other criteria, would mitigate the risks and permit the class member's to participate.

vii. **Fees:** On all Causes of Action, Plaintiff prays its reasonable costs, including reasonable attorney fees, incurred in defending the preliminary investigation, the administrative Complaint, and this action.

DATED:                                           CHASE MORELLO

June 20, 2016                                  *Esquire*

By: _____

Attorney and Plaintiff

VERIFICATION

UNITED STATES DISTRICT COURT )

) ss

CENTRAL DISTRICT OF CALIFORNIA )

I, Chase Morello, declare:

I am the Petitioner/Plaintiff in the above-entitled action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** and am informed and believe and on that ground allege that matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _Los Angeles_, California on this _20_ day of _June_.

Chase Morello

_Type or Print Name_                              _Signature_

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Chase Marello

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SEC

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Chase Marello, 668 N. Bataan Clovis CA 93619
559-355-8158

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND**: ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23**: ☒ Yes ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT**: $ Unknown Damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983  § 12101

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number:     CV16-04440

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☒ Yes ☐ No | | ☒ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☒ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☒ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

CV-71 (05/16)                                   CIVIL COVER SHEET                                   Page 2 of 3

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?          ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?          ☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Chase Moelle_        DATE: 6/20/16

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |